UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

      Asmar, Inc.                                      Case No. 12-15053
                                                Case No. 12-15064

      Debtor.
_____/

**MEMORANDUM AND ORDER GRANTING FIFTH THIRD'S MOTIONS TO DISMISS**
**(Doc. 5 in Case No. 12-15053 and Doc. 5 in Case No. 12-15064)**
**AND**
**DISMISSING APPEALS AS MOOT**

**I.  Introduction**

These are appeals in a Chapter 11 bankruptcy case.  Asmar Inc. (Asmar)

separately appeals from the bankruptcy court's order granting relief from the automatic

stay and from the bankruptcy court's order dismissing the case on motion of the

Trustee.  As will be explained, Asmar filed for Chapter 11 protection after foreclosure

proceedings were initiated by Fifth Third Bank (Fifth Third), who held mortgages on

three properties owned by Asmar.  Fifth Third filed a motion to lift the automatic stay

and proceed with the foreclosures.  The bankruptcy court granted Fifth Third's motion.

Asmar did not request a stay of the order, and Fifth Third went forward with the

foreclosures.  Because Asmar's only tangible assets were rents from the now foreclosed

properties and because Asmar has not been compliant with other obligations, the

Trustee filed a motion to dismiss.  The bankruptcy court granted the Trustee's motion,

noting in particular that Asmar did not have a reasonable likelihood of proffering a

confirmable plan.

Before the Court are Fifth Third's motion to dismiss both appeals as moot.[1]  For the reasons that follow, Fifth Third's motions will be granted.  The appeals will be dismissed as moot.

## II.  Background

Asmar is a company that owned three parcels of commercial real estate in the Detroit area.  Asmar leased the parcels to King Dining, Inc., which operated Burger King restaurants at each property.  Raad Asmar wholly owns both Asmar and King Dining, Inc.  Fifth Third Bank was Asmar's secured lender and held mortgages on the properties.  After Asmar failed to make mortgage payments for roughly eight months, Fifth Third commenced foreclosure proceedings against all three locations in May 2012.  On May 21, 2012, Asmar filed a Chapter 11 bankruptcy petition.  Asmar's only tangible assets in the Chapter 11 case were rents derived from the three parcels of property.  The three parcels were worth a combined total of $426,000.00 and Asmar's debt to Fifth Third was in excess of $2,639,000.00.

Fifth Third filed a Motion for Relief from Stay, requesting relief from the automatic stay under 11 U.S.C. § 362(d)(1) to allow it to continue with the foreclosure proceedings.  After an evidentiary hearing on the motion, the bankruptcy court granted Fifth Third's motion to lift the stay.  A summary of the bankruptcy court's findings for lifting the stay are as follows:

---

[1]The Trustee has taken no position on Fifth Third's motion.  However, at the hearing on Fifth Third's motions to dismiss, the Trustee indicated that although it did not believe that the appeal was moot under the equitable mootness doctrine as developed in bankruptcy law, it did acknowledge certain general principles of mootness may apply.

1. Regarding assets, the bankruptcy court found that Asmar's sole asset was the rents received from its tenant, which had not been paid since September 2011. (July 18, 2012 Tr., pp. 119-20).

2. Regarding pre-petition conduct, the bankruptcy court found nothing improper about Asmar's pre-petition conduct. (July 18, 2012 Tr., p. 121).

3. Regarding unsecured creditors, the bankruptcy court stated that it did not have an opportunity to review Asmar's schedules, but that the precipitating event that led the bankruptcy was the need to restructure its debt with Fifth Third. (July 18, 2012 Tr., p. 121).

4. Regarding the pending foreclosure, Asmar's property has been posted for foreclosure, and it had been unsuccessful in defending against the foreclosure in state court – the bankruptcy court found that Fifth Third's action to foreclose precipitated Asmar's bankruptcy. (July 18, 2012 Tr., p. 122).

5. Regarding Asmar and its relationship with Fifth Third, the parties have proceeded to a standstill in state court litigation, and the debtor has lost or has been required to post a bond which it cannot afford – the bankruptcy court found that the relationship had reached a standstill. (July 18, 2012 Tr., p. 122).

6. Regarding the filing of the petition to evade a court order, the bankruptcy court found that this factor did not exist in this case. (July 18, 2012 Tr., p. 122-3).

7. Regarding Asmar's ongoing business or employees, the bankruptcy court found that Asmar had an on-going business, but that it was unclear whether the business would continue due to expiration of King Dining, Inc.'s franchise agreements with Burger King. (July 18, 2012 Tr., p. 123-4).

8. Regarding the lack of possibility of reorganization, the bankruptcy court concluded that based upon Mr. Asmar's testimony, Asmar had failed to meet its burden of proof to demonstrate a sufficient income stream to fund its Chapter 11 plan. (July 18, 2012 Tr., pp. 124-8).

Although Asmar had fourteen (14) days to obtain stay from order lifting the stay, he did not seek a stay.  Instead, within the 14 day window, Asmar filed a motion for reconsideration of the bankruptcy court's order.  Asmar argued that new evidence showed that re-model financing is significantly less expense and that the remodeled King Dining, Inc. restaurants would generate significantly increased revenue sufficient to

3

fund the Chapter 11 plan.

Following expiration of the 14 days, Fifth Third completed foreclosure proceedings on all three properties.  Specifically, Fifth Third conducted foreclosure sales on August 3, 2012 and August 7, 2012.

Meanwhile, the Trustee filed a motion to convert/dismiss Asmar's bankruptcy case.  The Trustee asked to convert the case to a liquidation under Chapter 7 because Asmar had failed to submit timely monthly operating reports (MORs).  The Trustee also noted that the foreclosures rendered confirmation of any plan unfeasible.

The bankruptcy court denied Asmar's motion for reconsideration, holding in part that the motion did not present any new evidence which refuted the impossibility of Asmar being able to confirm a plan.

Asmar filed an appeal from the order lifting the stay.

On October 4, 2012, the bankruptcy court granted the Trustee's motion and dismissed the case.  The bankruptcy court found that cause existed to dismiss the case because Asmar did not have a reasonable likelihood of confirming a plan (as the main assets had been sold) and Asmar consistently failed to file MORs.

Asmar filed an appeal from the dismissal order.

Asmar, the Trustee, and Fifth Third have all filed briefs on the substance of the appeals.  However, Fifth Third also filed the instant motions to dismiss the appeals as moot.

### III.  Standard of Review

On appeal from the judgment of the bankruptcy court, a district court reviews the bankruptcy court's findings of fact under the clearly erroneous standard but reviews de

4

novo the bankruptcy court's conclusions of law.  In re Isaacman, 26 F.3d 629, 631 (6th Cir. 1994).

## IV.  Legal Standards

### A.  Mootness Generally

A case is found moot when the issues presented are "no longer 'live' or the parties lack a legally cognizable interest in the outcome."  County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (citing Powell v. McCormack, 395 U.S. 486, 497 (1969). Mootness is found only after determining if an actual controversy between the parties exists in light of intervening circumstances.  Fleet Aerospace Corp. v. Holderman, 848 F.2d 720, 723 (6th Cir. 1988).  A controversy is no longer "live" if the reviewing court is incapable of rendering effective relief or restoring the parties to their original position. Mills v. Green, 159 U.S. 651, 653 (1895); see Church of Scientology v. United States, 506 U.S. 9, 12 (1992); Osborn v. Durant Bank & Trust Co. (In re Osborn), 24 F.3d 1199, 1203 (10th Cir.1994).  "For that reason, if an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed."  Osborn, 24 F.3d at 1203 (quoting Church of Scientology, 506 U.S. at 12.).

### B.  Mootness in Bankruptcy

In addition to the general principle of mootness, courts dealing with bankruptcy issues have articulated a "bankruptcy mootness rule" or "equitable mootness rule."  The Court of Appeals for the Sixth Circuit has explained the rule in the context of failing to seek a stay and a subsequent foreclosure as follows:

5

"Bankruptcy's mootness rule applies when an appellant has failed to obtain a stay from an order that permits a sale of a debtor's assets."  Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.), 846 F.2d 1170, 1171 (9th Cir. 1988).  The bankruptcy mootness rule differs from general mootness law because it is based on "the general rule that the occurrence of events which prevent an appellate court from granting effective relief renders an appeal moot, and the particular need for finality in orders regarding stays in bankruptcy."  Id. at 1172 (emphasis added) (citation omitted).  See also Miami Ctr. Ltd. Partnership v. Bank of New York, 838 F.2d 1547, 1553-54 (11th Cir.), cert. denied, 488 U.S. 823, 109 S.Ct. 69, 102 L.Ed.2d 46 (1988) ("[Bankruptcy's mootness rule] is premised upon considerations of finality, protection of the integrity of the foreclosure sale process, and the court's inability to rescind the sale and grant relief on appeal even if the purchaser of the property is a party to the appeal ...." (citation omitted)).

In re 255 Park Plaza Associates, Ltd, 100 F3d. 1214, 1216 (6th Cir. 1996).  As another

court put it:

It is well established that an appeal will be dismissed as moot if a debtor fails to obtain a stay pending appeal of a bankruptcy court order granting relief from the automatic stay and the moving creditor subsequently conducts a foreclosure sale, as the appellate court cannot grant any effective relief.  See, e.g., Farmers Bank v. Kittay ( In re March), 988 F.2d 498, 499 (4th Cir.), cert. denied, 510 U.S. 864, 114 S.Ct. 182, 126 L.Ed.2d 141 (1993); Oakville Dev. Corp. v. FDIC, 986 F.2d 611, 613–15 (1st Cir.1993); Sullivan Central Plaza I, Ltd. v. BancBoston Real Estate Capital Corp. (In re Sullivan Central Plaza, I, Ltd.), 914 F.2d 731, 733 (5th Cir.1990); Lashley v. First Nat'l Bank (In re Lashley), 825 F.2d 362, 364 (11th Cir.1987), cert. denied, 484 U.S. 1075, 108 S.Ct. 1051, 98 L.Ed.2d 1013 (1988); Van Iperen v. Production Credit Ass'n (In re Van Iperen), 819 F.2d 189, 191 (8th Cir.1987); Hope v. General Fin. Corp. ( In re Kahihikolo), 807 F.2d 1540, 1542 (11th Cir.1987) (collecting cases); Algeran, Inc. v. Advance Ross Corp., 759 F.2d 1421, 1423–25 (9th Cir.1985); West End Assocs., L.P. v. Sea Green Equities, 166 B.R. 572, 575 (D.N.J.1994); see also In re Highway Truck Drivers & Helpers Local Union # 107, 888 F.2d 293, 298 (3rd Cir.1989).  This rule is " 'intended to provide finality to orders of bankruptcy courts and to protect the integrity of the judicial sale process upon which good faith purchasers rely.' " Lashley, 825 F.2d at 364 (quoting Markstein v. Massey Assoc. Ltd., 763 F.2d 1325, 1327 (11th Cir.1985)).  More importantly, it serves to insure the integrity of judicial mootness doctrines "that the occurrence of events which prevent an appellate court from granting effective relief renders an appeal moot."  Algeran, 759 F.2d at 1424, quoted in Onouli–Kona Land Co. v. Estate of Richards (In re Onouli–Kona Land Co.), 846 F.2d 1170, 1172 (9th Cir.1988); see Sullivan Central Plaza, 914 F.2d at 733–34 & n. 7.

6

Egbert Development, LLC v. Community First National Bank (In re Egbert), 219 B.R.

903, 905-06 (10th Cir. B.A.P. 1998)

## V.  Analysis

### A.  Parties' Arguments

Fifth Third says that Asmar's appeals are moot under the bankruptcy mootness

rule because Asmar failed to seek a stay from the order which allowed the Fifth Third to

complete foreclosure proceedings, effectively disposing of all of the assets in Asmar's

Chapter 11 case.

Asmar's arguments in response to Fifth Third's motion are not easily discerned.

Asmar says that the appeals are not moot because the foreclosure proceedings violated

the automatic stay and that an exception to the mootness doctrine applies which allows

the appeals to go forward.

### B.  Discussion

### 1.  Whether Fifth Third Violated the Automatic Stay in Foreclosing on the Properties

Asmar first says that the foreclosures violated the automatic stay, taking the

position that his motion for reconsideration "destroyed the finality of the order granting

relief from the stay" and therefore rendered the foreclosures improper because they

were done in violation of the automatic stay.  Asmar appears to argue that the automatic

stay was still in place, notwithstanding the bankruptcy court's order lifting the stay which

he failed to timely challenge, because of his motion for reconsideration.

This argument does not carry the day.  As Fifth Third points out, Asmar's motion

for reconsideration was based on Fed. R. Civ. P. 59, 60, and the local bankruptcy rules,

7

none of which extend the 14 day stay under Fed. Bankr. R. P. 4001(a)(3).  Indeed,

Collier on Bankruptcy instructs that "if the court has granted relief from the stay to a

secured creditor, the creditor will be free to proceed with its foreclosure or

repossession."  10-8005 Collier on Bankruptcy P 8005.02; see also Fed. R. Civ. P.

60(c)(2).  Moreover, at oral argument, Asmar agreed that motion for reconsideration did

not toll the 14 day stay.

Finally, to the extent Asmar argues that the fact that the foreclosure sales were

adjourned week to week once Asmar filed bankruptcy somehow impacts automatic, he

is mistaken.  The Sixth Circuit has held that adjournment of a foreclosure sale does not

constitute a violation of the automatic stay.  Worthy v. World Wide Fin. Servs., 192 Fed.

Appx. 369 (6th Cir. 2006).  Thus, Asmar's arguments that Fifth Third violated the

automatic stay by going forward with the foreclosures after the bankruptcy court lifted

the stay and Asmar failed to timely seek relief from that order, lack merit.

### 2.  Mootness

Asmar also argues that the Court should not apply the mootness doctrine to

dismiss this appeal.  Asmar urges the Court to adopt the limited exception to the

equitable mootness doctrine articulated by the Ninth Circuit in Sun Valley Ranches, Inc.

v. Equitable Life Ass. Soc'y of the United States ( In re Sun Valley Ranches, Inc.), 823

F.2d 1373, 1375 (9th Cir.1987).  In Sun Valley, the Ninth Circuit stated that an appeal

may not be moot even where a debtor fails to seek a stay and the property is later sold,

explaining that:

> This exception to the rule is especially appropriate here, where the foreclosure
> sale is subject to statutory rights of redemption.... Based on equitable principles,
> redemption has long provided a means for reversing sales of real property.

8

> Where, as here, the creditor-purchaser is before the court, the court could
> exercise similar equitable principles and reverse the sale.

See also Onouli–Kona Land Co., 846 F.2d at 1172–73 (reaffirming Sun Valley).

Asmar essentially argues that this exception applies, claiming that these appeals

are not moot because there is still a way to unwind the foreclosure sale and afford him

relief.  This is so, says the debtor, because the properties were sold to Fifth Third who is

a party to the appeal and because he still has a right to redeem the properties.  There

are two problems with this argument.  First, the fact that Fifth Third purchased the

properties does not preclude application of the mootness rule.  In 255 Park Plaza, the

Sixth Circuit rejected this argument:

> Assuming the purchaser acts in good faith . . . it should make little difference
> whether the purchaser also happens to be a creditor who is a party to the appeal.
> There certainly is nothing inherently wrong with a creditor purchasing property at
> a bankruptcy sale, and we are unwilling to endorse a rule that would cast a
> shadow fo doubt over the finality of these transactions.  A contrary conclusion on
> this point would severely discouont the very finality considerations upon which
> bankruptcy's mootness rule rests.  While we recognize that this rule may appear
> to be severe, the availability of a stay in most circumstances tempers any
> harshness that may exist.  In this case, appellants' fatal error is that they failed to
> obtain a stay of the sale of the property.

255 Park Plaza, 100 F.3d 1214 at 1218.

The same result obtains here.  Asmar failed to seek a stay within the 14 days

allotted.  He instead chose to file a motion for reconsideration, which he concedes did

not toll the 14 day period.  Once the 14 days expired, Fifth Third completed the

foreclosures and purchased the properties at the foreclosure sales.  This makes

Asmar's appeals of the bankruptcy court's orders moot.

To the extent Asmar says there is still vitality to his case because of the statutory

right of redemption which exists under Michigan law, see M.C.L. § 600.3240, he is

mistaken.  Even assuming that the existence of a statutory right of redemption prevents a case from being moot, the six-month window for Asmar to redeem the properties has now closed, with Asmar failing to redeem.  Finally, there is nothing in the record to suggest any lack of good faith on the part of Fifth Third in purchasing the property at the foreclosure sales.

At the hearing, Asmar cited In re: American Home Patient, Inc., 420 F.3d 559 (6th Cir. 2006) to support his argument that the appeals were not moot.  Asmar's reliance on this case is misplaced.  In American Home, the Sixth Circuit discussed a slightly different application of the bankruptcy mootness rule–where a plan of reorganization has been substantially consummated at the time of the appeal such that modification of the plan is neither possible or desirable.  The debtors in American Home argued that the lenders' appeals were moot because the plan had been substantially consummated and the creditors had not obtained a stay in the Sixth Circuit (the bankruptcy court and district court both denied motions to stay).  Here, there has been no plan of reorganization, nor can there be, as all of the assets were sold prior to the creation of a plan.  Indeed, the Trustee filed a motion to dismiss based in part on the non-feasibility of plan confirmation as there were no assets left in the estate.  Any discussion of equitable mootness in the context of American Home does not apply to these appeals.

Rather, these appeals are like the situation in a case from the Tenth Circuit.  In In re: Egbert Dev., supra, the debtor filed for relief under Chapter 11.  After the petition was filed, Community First National Bank (bank), moved for relief from the automatic stay to allow it to foreclose on property over which it had a lien.  The bankruptcy court granted the bank's motion for relief from stay.  The debtor failed to take any action

10

within the 14 day stay period.  As such, the bank went forward with the foreclosure sale and purchased the property at the sale.  The debtor appealed the order granting the bank's motion for relief from the stay.  The bank moved to dismiss the appeal as moot. The debtor argued that the appeal was not moot because it still had a right to redeem the property under Wyoming law which had not expired.

In dismissing the appeal as moot, the court of appeals noted that neither the bankruptcy court nor the appellate court could render any effective relief to debtor on appeal because the right to redeem the property is "solely within [the debtor's] power," under state law, and held that the existence of the statutory right to redeem did not prevent application of the equitable mootness doctrine.  219 B.R. at 907.  Rather, the court of appeals found the appeal was moot based on the facts that (1) the debtor failed to move for a stay of the order lifting the automatic stay and (2) the bank had conducted the foreclosure sale.  See also Markstein v. Massey Associates, Ltd., 763 F.2d 1325, 1327 (11th Cir.1985) (holding that "[w]hen a bankruptcy court sets aside automatic stay, and debtor fails to obtain stay pending appeal with result that property is sold to creditor at foreclosure, court is powerless to rescind sale on appeal; this rule is intended to provide finality to orders of bankruptcy courts and to protect integrity of judicial sale process upon which good faith purchasers rely."); Greylock Glen Corp. v. Community Sav. Bank, 656 F.2d 1, 4 (1st Cir.1981) (same).

Here, the Court cannot grant any effective relief to Asmar.  Asmar failed to move for relief from the automatic stay and foreclosure sales went forward.  This rendered any appeal from the bankruptcy court's decisions moot.  This includes not only the order granting relief from the automatic stay but also the order dismissing Asmar's case.

11

Because Asmar's only tangible asset was rent from properties he no longer owns, and has no legal right to own, no plan of reorganization can take place.  These facts render his appeals moot, whether under general principles of mootness or bankruptcy's "equitable mootness" rule.

### V.  Conclusion

For the reasons stated above, Fifth Third's motions to dismiss are GRANTED. Asmar's appeals are DISMISSED AS MOOT.

SO ORDERED.


 S/Avern Cohn                                
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  February 20, 2013


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 20, 2013, by electronic and/or ordinary mail.


 S/Sakne Chami                       
Case Manager, (313) 234-5160

12